## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | 6/26/08 |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3233 | **DATE** | |
| **CASE TITLE** | Jesse Webb (A-83215) v. Roger Walker, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to deduct $11.00 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Logan Correctional Center. The clerk is directed to issue summons for the defendants, and the United States Marshals Service is appointed to serve the defendants. Plaintiff's motion for the appointment of counsel [4] is denied at this time. The clerk shall send to plaintiff a magistrate judge consent form, filing instructions, and a form petition for habeas relief, along with a copy of this order.

*Suzanne B. Conlon*

■ [For further details see text below.]                           Docketing to mail notices.

## STATEMENT

Plaintiff, Jesse Webb (A-83215), an inmate currently incarcerated at Logan Correctional Center has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Roger Walker, Jr. (Director of the Illinois Department of Corrections), Jennifer Melvin (a field service representative at the Pontiac Correctional Center), and N. Robinson (a parole supervisor located in Chicago Heights). Plaintiff alleges that he was entitled to release on mandatory supervision or parole from Pontiac in November 2007, but that he remained incarcerated because of an unfair policy or practice of holding inmates beyond their release dates. Plaintiff indicates that he remains incarcerated because of problems with a host site for his release.

The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $11.00. The supervisor of inmate trust accounts at the Logan Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Logan inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred to another correctional facility.
(CONTINUED)

isk

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Plaintiff may not seek release from incarceration in a 42 U.S.C. § 1983 proceeding, and this Court may grant such relief only through a petition for a writ of habeas corpus. If plaintiff intended to file a habeas petition, he should seek to voluntarily dismiss the current case and submit a petition for habeas relief. *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (a court may not convert a § 1983 case into a habeas one; rather, a court should dismiss the case without prejudice to the inmate or parolee filing a habeas petition). Nevertheless, plaintiff's complaint states a colorable cause of action with respect to his challenge to the procedures and policies related to an inmate's release. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). Plaintiff may proceed with these claims.

The clerk shall issue summonses for service of the complaint on Roger Walker, Jr., Jennifer Melvin, and N. Robinson. The clerk shall also send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Roger Walker, Jr. (Director of the Illinois Department of Corrections), Jennifer Melvin (a field service representative at the Pontiac Correctional Center), and N. Robinson (a parole supervisor located in Chicago Heights). Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former prison or state employee who can no longer be found at the work address provided by the plaintiff, Pontiac or other state officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant, or to defendant's counsel if an attorney enters an appearance on behalf of defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

*Suzanne B. Conlon*